**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ANNE H. MILLER | : | |
| 641 Avondale Road | : | CIVIL ACTION |
| Erdenheim, PA 19038 | : | |
| | : | No. _____ |
| | : | |
| *Plaintiff,* | : | JURY TRIAL DEMANDED |
| v. | : | |
| | : | |
| WISSAHICKON SCHOOL DISTRICT | : | |
| 601 Knight Road | : | |
| Ambler, PA 19002 | : | |
| | : | |
| *Defendant.* | : | |
| | : | |

**CIVIL ACTION COMPLAINT**

The above-named Plaintiff, by and through the undersigned counsel, hereby states as follows:

### I. Introduction

1. Plaintiff, Anne H. Miller (hereinafter "Plaintiff") has initiated the instant action to recover damages incurred as a result of the failure of Defendant Wissahickon School District (hereinafter "Defendant") to honor its commitment to continue her health benefits after her retirement.

2. Defendant, acting under color of state law, has deprived Plaintiff of her Constitutionally-protected property interest in the health benefits to which she is entitled as set forth herein.

### II. Parties

3. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

4. Plaintiff is an adult individual with an address as captioned above.

1

5. Defendant is a public school district located in Montgomery County, Pennsylvania.

6. Defendant operates a total of six (6) schools and serves over 4,500 students in Lower Gwynedd Township, Whitpain Township, and Ambler Borough.

### III.   Jurisdiction and Venue

7. The foregoing paragraphs are incorporated in their entirety as if set forth in full.

8. The Court may properly maintain personal jurisdiction over Defendant because its contacts with the Commonwealth of Pennsylvania and this judicial district are sufficient for the exercise of jurisdiction over it to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington,* 326 U.S. 310 (1945) and its progeny.

9. The Court may exercise original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of rights conferred under Federal law.

10. The Court may also maintain supplemental jurisdiction over the state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to the claim(s) within the Court's original jurisdiction that they form part of the same case or controversy.

11. Venue is properly laid in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because: (a) Defendant conducts business in this judicial district; and (b) because the acts and omissions giving rise to the claims

set forth herein (including the denial of benefits from which the instant case arises) occurred exclusively in this judicial district.

### IV.   Factual Background

12. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

13. Plaintiff worked for Defendant for a period of over twenty-four (24) years, serving from April of 1995 until her retirement in June of 2019.

14. Plaintiff initially worked as a speech language pathologist and/or transition coordinator from April of 1995 to November of 2007.

15. Subsequently, for the remaining years of her tenure, Plaintiff served as a Supervisor of Special Education and a member of the Wissahickon Administrators' and Supervisors' Association.

16. At the time of Plaintiff's retirement, Defendant maintained an "Administrative Compensation Plan" for its employees (hereinafter "the Plan") providing a "Post-Retirement Health Insurance Benefit." The Plan is attached in full as Exhibit "1" hereto.

17. The Plan was in effect at the time of Plaintiff's retirement.

18. The Plan provides guaranteed continuing health and dental coverage for five (5) years to eligible retirees.

19. Specifically, the Plan provides as follows:

An employee who retires and, in so doing, is eligible to receive superannuation or disability pension or otherwise draw an annuity from the Public School Employees' Retirement System and who has at least seven (7) years of service in the Wissahickon School District and is at least 55 years old (unless PSERS permits full retirement at an earlier age) shall receive the following:

    1.       Medical coverage for the employee only under the same terms and conditions existing on the date of retirement for a period of five (5) years following retirement; the district will pay the premium and the retiree shall reimburse the District in the same dollar amount as he/she

3

was contributing to the premium cost on the date of retirement. If a retiree elects not to select the District's health care benefit, he/she may not re-enroll at a later date.

2.        Dental coverage for the employee only under the same terms and conditions existing on the date of retirement for a period of five (5) years following retirement; the district will pay the premium and the retiree shall reimburse the District in the same dollar amount as he/she was contributing to the premium cost on the date of retirement.

3.        Medical coverage for the retiree's spouse may be purchased on the District's Health Care Plan for a period of ten (10) years, effective with date of the employee's retirement. The cost for spousal coverage will be paid by the retiree.

*See* attached Exhibit "1", p. 8, section M (emphasis added).

20. The Plan also allows covered employees, at the conclusion of the five years of benefits provided by Defendant, to purchase coverage on Defendant's plan for an additional period of five years. *See* attached Exhibit "1", p. 8, section M.

21. Plaintiff retired on June 28, 2019.

22. On the date Plaintiff retired, she met all of the requirements outlined in the Plan.

23. On the date Plaintiff retired, she was eligible to receive superannuation or otherwise draw an annuity from the Public School Employees' Retirement System.

24. On the date Plaintiff retired, she had over seven (7) years of service with Defendant.

25. On the date Plaintiff retired, she was over Fifty-Five (55) years of age.

26. Plaintiff advised Defendant that she elected to receive the health and dental benefits provided in the Plan as aforesaid.

27. Defendant refused to provide the benefits outlined in the Plan to Plaintiff.

28. Defendant has continued to refuse to provide the benefits outlined in the Plan to Plaintiff.

29. Defendant has denied Plaintiff benefits to which she was plainly entitled under the Plan.

## Count One
## 42 U.S.C. § 1983
## Fifth and Fourteenth Amendment Violations

30. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

31. Defendant acted under color of state law at all times relevant hereto.

32. Defendant has wrongfully denied Plaintiff contractual benefits under circumstances in which she has a protected property interest under the Fifth and Fourteenth Amendments to the United States Constitution.

33. In acting to deprive Plaintiff of her property rights as aforesaid, Defendant violated Plaintiff's rights under the Fifth and Fourteenth Amendments to the United States Constitution.

34. The contract at issue in the instant case conferred Plaintiff with a protected property interest under the Fifth and Fourteenth Amendments to the United States Constitution. *See Unger v. National Residents Matching Program,* 928 F.2d 1392, 1399-1400 (3d Cir. 1991).

35. The property rights at issue in the instant case, providing Plaintiff with post-retirement health benefits for an extended period of time as aforesaid, are characterized by the very "quality of . . . extreme dependence . . ." discussed by the Third Circuit Court of Appeals in *Unger v. National Residents Matching Program,* 928 F.2d 1392, 1399 (3d Cir. 1991).

36. By providing Plaintiff and other retirees (who tend to be of older age and on limited, fixed incomes) with benefits for a full decade (*i.e.:* a period of five years of fully paid benefits followed by a subsequent five years of benefits at a

5

reduced cost), Defendant has agreed to provide benefits for a substantial portion of its retirees' remaining lives, creating the "extreme dependence" discussed in *Unger v. National Residents Matching Program, supra.*

37. Moreover, the Plan also creates a property interest because it contains no provisions permitting it to be canceled, modified, or denied to eligible employees for any reason or any cause, and is unequivocal in its assertion that eligible employees "shall receive" the benefits in question. *See* paragraph 19 and Exhibit "1".

38. Defendant also failed to provide Plaintiff with due process before denying her the benefits to which she was entitled.

39. On information and belief, Defendant's failure to provide the benefits in question to Plaintiff, while it has provided said benefits to other persons, also violated the Equal Protection Clause of the Fourteenth Amendment.

40. Defendant acted deliberately and with willful indifference to Plaintiff's rights under the United States Constitution.

41. In acting as aforesaid, Defendant violated  42 U.S.C. § 1983.

WHEREFORE, Plaintiff respectfully requests the relief set forth in the *ad damnum* clause set forth *infra.*

## Count Two
## Breach of Contract

42. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

43. Defendant, for good and lawful consideration, agreed to provide the continuing health benefits set forth *supra* in paragraph 19 pursuant to the Plan.

44. Defendant has failed to provide Plaintiff with the benefits it promised her under the Plan.

45. As a direct and proximate result of Defendant's failure as aforesaid, Plaintiff has sustained and continues to sustain damages.

46. Plaintiff has sustained damages as a result of Defendant's failure to provide the promised health benefits, and those damages continue to accrue.

WHEREFORE, Plaintiff respectfully requests the relief set forth in the *ad damnum* clause set forth *infra.*

## Count Three
## Quasi-Contract/Promissory Estoppel

47. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

48. In agreeing to provide benefits to Plaintiff under the Plan while aware Plaintiff relied on its promise to do so, and failing to pay the benefits as promised, Defendant has been unjustly enriched.

49. Alternatively, Defendant's promise was made under circumstances justifying its enforcement under a theory of quasi-contract or promissory estoppel.

50. Defendant made a promise that it reasonably expected to induce action or reliance by Plaintiff, and did induce such action or reliance.

51. Injustice can only be avoided by enforcing the promise made by Defendant.

WHEREFORE, Plaintiff respectfully requests the relief set forth in the *ad damnum* clause set forth *infra.*

7

*AD DAMNUM CLAUSE*

WHEREFORE, Plaintiff respectfully requests that the Court grant her the following relief:

A.      That a judgment be entered for Plaintiff and against Defendant on Counts One, Two and Three of the instant Complaint;

B.      On Counts One, Two, and Three, that Plaintiff be awarded actual damages;

C.      On Count One, that Plaintiff be awarded damages for the pain, suffering, and humiliation caused to Plaintiff by Defendant;

D.      On Count One, that Plaintiff be awarded punitive damages in an amount believed by the trier of fact to appropriately punish Defendant for its willful, malicious, deliberate, and outrageous conduct and to deter it from engaging in future misconduct;

E.      On Count One, that Plaintiff be awarded the costs and expenses of the instant action;

F.      On Count One, that Plaintiff be awarded reasonable attorneys' fees;

G.      That Plaintiff be granted injunctive relief and that the Court enter an Order requiring Defendant to pay Plaintiff's health care costs as it agreed;

H.      That Plaintiff be granted any and all additional legal, equitable or injunctive relief she may later request, or which the Court may deem just and proper;

I.      That Plaintiff's claims against Defendant be tried to a jury to the extent permitted by applicable law.

Respectfully submitted,

WAYNE A. ELY

BY:    /S/   Wayne A. Ely
        Wayne A. Ely, Esquire
        Attorney for Plaintiff
        225 Lincoln Highway
        Building A, Suite 150
        Fairless Hills, Pennsylvania 19030
        (215) 801-7979

June 14, 2021